**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 26-26049-CIV-CANNON**

**AHMED ELWALEED OSMAN**,

Petitioner,

v.

**WARDEN, KROME NORTH SERVICE PROCESSING CENTER**,

Respondent.
_____________________________________________/

**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

**THIS CAUSE** comes before the Court upon a *sua sponte* review of the record. For the reasons stated below, the Petition [ECF No. 1] is **DISMISSED** because Petitioner has failed to comply with the Court's Order to Show Cause requiring Petitioner to explain why he failed to fully disclose his litigation history in the Petition [ECF No. 4].

***

Courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). Accordingly, "[a] district court can dismiss a case *sua sponte*" if a party "fails to comply with a court order." *Daker v. Comm'r, Ga. Dep't of Corr.*, 850 F. App'x 731, 733 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (ruling

that dismissal "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Jamerson v. Sec'y Dep't of Corr.*, 774 F. App'x 623, 624 (11th Cir. 2019) ("In general, a dismissal without prejudice is not an abuse of discretion" (citing *Dynes v. Army Air Force Exchange Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983))).

That disposition is warranted here. On September 1, 2026, Petitioner Ahmed Elwaleed Osman ("Petitioner") filed a *pro* se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1]. In that Petition, however, Petitioner failed to disclose his prior litigation history as required by the Court's form habeas petition and the Local Rules [ECF No. 1 p. 5 (referring to S.D. Fla. L.R. 88.2(a)]. As a result of that deficiency, the Court directed Petitioner to "file a memorandum of fact and law to show cause why the instant Petition should not be dismissed based on Petitioner's failure to fully disclose his litigation history" [ECF No. 4 p. 4]. The Court warned that Petitioner's "failure to file a response to this Order or otherwise demonstrate that dismissal is not warranted based on his failure to fully disclose his litigation history **SHALL** result in dismissal of this case without prejudice and without further notice" [ECF No. 4 p. 4].

Despite the Court's warning and allowance of additional time consistent with the prison mailbox rule, *see Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014), Petitioner still has not filed a memorandum of fact and law to show cause as required by the Court's Order [ECF No. 4], or otherwise sought additional time to comply.

***

Accordingly, upon a full review, it is hereby **ORDERED AND ADJUDGED** that:

1. This case is **DISMISSED** for failure to prosecute and comply with Court orders.
2. The Clerk is ordered to **CLOSE** this case.
3. **The Clerk shall MAIL a copy of this order to Petitioner at the address listed below and file a Notice of Compliance confirming the same**.

**ORDERED** in Chambers in Fort Pierce, Florida, this 7th day of October 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: **counsel of record**

**Ahmed Elwaleed Osman, *pro se***
A# 091670987
Krome North Service Processing Center
Inmate Mail/Parcels
18201 Southwest 12th Street
Miami, Florida 33194